NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAIME ENRIQUE DELGADO-GOMEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | Nos. 14-72241 <br> 20-71652 <br><br> Agency No. A088-757-899 <br><br> MEMORANDUM* |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted June 24, 2021 **

Before: GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Jaime Enrique Delgado-Gomez, a native and citizen of Mexico, petitions in

No. 14-72241 for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

applications for asylum, withholding of removal, and protection under the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). He petitions in No. 20-71652 for review of the BIA's order denying his motion to reopen proceedings.

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo whether a petitioner has been afforded due process. *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review for abuse of discretion the denial of a motion to reopen. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). In No. 14-72241, we deny in part and dismiss in part the petition for review. In No. 20-71652, we deny the petition for review.

We begin with No. 14-72241. We lack jurisdiction to consider Delgado-Gomez's contentions regarding the agency's rejection of his asylum application as untimely because he did not raise them before the agency. *Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). We reject his challenge to the BIA's streamlining procedures because the BIA's order was not a streamlined decision.

Substantial evidence supports the agency's conclusion that Delgado-Gomez failed to demonstrate either that he had suffered past persecution or that he faced a clear probability of future persecution. *See, e.g.*, *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) ("Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal

2                                                                                    20-71652

quotation marks omitted)); *id.* at 1029 (noting that a petitioner who had not demonstrated past persecution had the burden of proving that "relocation would not be possible or reasonable"). Thus, Delgado-Gomez's claim for withholding of removal fails.

Substantial evidence supports the agency's denial of CAT protection because Delgado-Gomez failed to show that it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We turn to No. 20-71652. The BIA can deny a motion to reopen for several reasons, including that the movant failed to establish a prima facie case for the relief sought. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). The BIA did not abuse its discretion in concluding that the statements in Delgado-Gomez's application for cancellation of removal, which were vague and unsupported by documentation, were insufficient to establish a prima facie case that his removal would cause his husband to suffer exceptional and extremely unusual hardship as required for that form of relief. *See In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (BIA 2001) ("[T]he hardship . . . must be 'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country."); *see also Garcia v. Holder*, 621 F.3d 906, 913 (9th Cir. 2010) (noting that the "'exceptional and extremely unusual hardship' standard is a very

demanding one" and concluding that the BIA did not abuse its discretion in determining that the petitioners' proffered evidence was insufficient to warrant reopening).

The temporary stays of removal issued in both cases remain in place until issuance of the mandates.

**In No. 14-72241:  PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**In No. 20-71652:  PETITION FOR REVIEW DENIED.**